UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Efrain Perez</u>

    v.                        Civil No. 04-cv-99-SM

<u>Hillsborough County Department
of Corrections, et al.</u>

**REPORT AND RECOMMENDATION**

Plaintiff Efrain Perez moves for a preliminary injunction and/or a temporary restraining order.  Plaintiff asserts in his motion that he has submitted at least nine requests for physical access to the institutional law library since November 2004; none of his requests have been answered.  Plaintiff argues that the Defendants' refusal to answer his requests is a deliberate attempt to prevent him from prosecuting this lawsuit.  Plaintiff requests that the court either grant him relief ordering the Defendants to provide him physical access to the facility's law library for a minimum of two hours a day, three days per week, or schedule a hearing on this matter.

In their objection, Defendants respond that Plaintiff's motion should be denied because Plaintiff has not demonstrated

that he has exhausted his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA").  See 42 U.S.C.A. § 1997e(a).[1]  Defendants further respond that even assuming that Plaintiff has exhausted his administrative remedies, Plaintiff is currently being housed in the jail's maximum security housing area.  Defendants assert that all HCDOC maximum security inmates are denied personal access to library because of security issues.  Such inmates may request that materials be copied and provided to them, up to 25 pages per day, and such materials are delivered to the inmates on their housing unit.  Therefore, Defendants argue, Plaintiff cannot demonstrate that injunctive relief is warranted.

The Court agrees with Defendants' argument that Plaintiff has not shown that he is entitled to pursue his right of access to the courts claim.  There is no indication in the motion that Plaintiff has exhausted his administrative remedies as required by the PLRA.  The Court further finds that the Plaintiff has not

---

[1]The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a).

alleged any facts that show that the access to legal materials that he is provided is inadequate, or that he has suffered any actual injury.  See Lewis v. Casey, 518 U.S. 343, 351 (1996) (to present a viable right of access to the courts claim, an inmate must show that alleged shortcomings in the prison's library or legal assistance program hindered the inmate's efforts to pursue a legal claim).  The Court recommends that Plaintiff's motion for a Preliminary Injunction/Temporary Restraining Order (document no. 58) be denied without a hearing.

   Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: November 9, 2005

cc:   Efrain Perez, pro se
      John A. Curran, Esq.
      Carolyn M. Kirby, Esq.